**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| T.K.,<br>*Plaintiff,*<br>v.<br>Red Roof Inns, Inc.; Red Roof Franchising, LLC; and Varahi Hotel, LLC,<br>*Defendants.* | Civil Action File No.<br>1:26-cv-04570-MHC<br><br>JURY TRIAL DEMANDED |

# Defendant Varahi Hotel, LLC's Answer and Defenses to Plaintiff's Complaint

Defendant Varahi Hotel, LLC[1] files this Answer and Defenses to Plaintiff's Complaint, responding only on its own behalf and not on behalf of any other Defendant, and shows the Court as follows.

## Affirmative Defenses

### First Defense

The Complaint fails to state a claim against Varahi upon which relief can be granted, in whole or in part.

[1] Varahi Hotel, LLC will be referred to as "Varahi" throughout this Answer.

**Second Defense**

Varahi acquired and began owning and operating the Red Roof Inn at 2200 Corporate Plaza SE, Smyrna, Georgia (the "hotel") upon the transfer of ownership finalized on December 14, 2012. Varahi did not own, operate, manage, or control the hotel, and had no relationship to the hotel or its personnel, at any time before December 14, 2012. Varahi is not responsible for, and cannot be charged with knowledge of, any act, omission, condition, or event occurring at or concerning the hotel before that date.

**Third Defense**

Some or all of Plaintiff's claims are or may be barred by the applicable statute(s) of limitation.

**Fourth Defense**

Plaintiff's recovery is barred or reduced to the extent her injuries were caused by the fault of any person or entity other than Varahi, including Plaintiff and non-parties, under all applicable doctrines of comparative fault, contributory fault, and apportionment of fault or damages—including, but not limited to, those set forth in O.C.G.A. § 51-12-33—together with any comparable principles applicable to Plaintiff's federal claims. To the extent allowed by the governing law, Varahi reserves the right to

identify responsible non-parties, including Plaintiff's trafficker and the buyers of commercial sex, as discovery proceeds.

**Fifth Defense**

Plaintiff's alleged injuries were caused by the criminal, intentional, and tortious conduct of third parties—including Plaintiff's trafficker and the buyers of commercial sex—which constitutes a superseding and intervening cause of any injury and bars or reduces Plaintiff's recovery against Varahi.

**Sixth Defense**

No act or omission of Varahi proximately caused any injury or damage alleged in the Complaint.

**Seventh Defense**

Varahi owned and operated the hotel as an independent business. Varahi is not the agent, alter ego, employee, joint venturer, or instrumentality of Red Roof Inns, Inc. or Red Roof Franchising, LLC, and is not liable for the acts, omissions, or knowledge of those Defendants or their personnel; conversely, the acts, omissions, and knowledge of those Defendants and their personnel are not attributable to Varahi.

**Eighth Defense**

Plaintiff's recovery is barred or reduced to the extent she failed to mitigate her alleged damages.

**Ninth Defense**

To the extent that Plaintiff's damages are indivisible and/or joint and several liability is found to apply to actions brought under the TVPRA, Varahi is entitled to a setoff and/or credit for any amounts Plaintiff has received or may receive from any other person or entity on account of the injuries alleged during the course of Plaintiff's alleged trafficking.

**Tenth Defense**

Plaintiff's nuisance claim fails because Varahi did not create, and did not have the requisite control over, the alleged condition on which the claim is based.

**Eleventh Defense**

Plaintiff's claims for punitive damages are barred or limited by applicable law, including O.C.G.A. § 51-12-5.1 and the United States and Georgia Constitutions, and the Complaint fails to allege facts supporting an award of punitive damages against Varahi.

**Twelfth Defense**

Plaintiff is not entitled to attorney's fees or expenses of litigation under O.C.G.A. § 13-6-11, 18 U.S.C. § 1595, or any other authority.

**Reservation**

Varahi reserves the right to assert additional defenses, including affirmative defenses, that become known through discovery or otherwise, and does not waive any defense not stated herein.

**Answer to the Specific Allegations Set**
**Forth in the Complaint's Numbered Paragraphs**

Responding to the correspondingly numbered paragraphs of the Complaint, Varahi states as follows.

1. Varahi admits that this action concerns alleged sex trafficking at a hotel in Smyrna, Georgia. Varahi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them, and denies any allegation of wrongdoing by Varahi.

2. Varahi admits that it owned and operated the Red Roof Inn located at 2200 Corporate Plaza SE, Smyrna, Georgia, from and after December 14, 2012, and admits that it was a party to a Franchise Agreement with Red Roof Franchising, LLC. Varahi denies that it owned or operated the hotel before December 14, 2012. The remaining allegations directed at Varahi state legal conclusions to which no response is required and are otherwise

denied. The allegations directed at other Defendants require no response from Varahi.

3. The allegations of this paragraph are directed at other Defendants and require no response from Varahi; to the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation that would impose liability on Varahi.

4. The allegations of this paragraph are directed at other Defendants and require no response from Varahi; to the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation that would impose liability on Varahi.

5. Varahi admits the allegations contained in this paragraph of the Complaint.

6. Varahi admits that it has been served with process in this action. Varahi is without knowledge or information sufficient to form a belief as to whether the other Defendants have been properly served and on that basis denies that allegation.

7. Without admitting any liability to Plaintiff, Varahi admits that this Court has personal jurisdiction over Varahi and that venue is proper as to Varahi. The allegations as to the other Defendants require no response from Varahi.

8. Varahi admits that Plaintiff purports to assert a claim under 18 U.S.C. § 1595(a) and that this Court has subject-matter jurisdiction over such a federal claim. Varahi denies that it is liable to Plaintiff under that or any other statute.

9. Varahi denies the allegations set forth in this paragraph of the Complaint. Answering the subparts, Varahi denies subparts (a) through (f) as to Varahi and denies that it knew or should have known of the sex trafficking of Plaintiff or of the other matters alleged. The allegations concerning "years" of knowledge "before" Plaintiff's trafficking are further denied to the extent they concern any period before December 14, 2012, when Varahi did not own or operate the hotel.

10. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

11. Varahi denies the allegations set forth in this paragraph of the Complaint. Answering the subparts, subparts (a), (b), and (c) state legal conclusions and characterizations of Plaintiff's claims to which no response is required; to the extent a response is required, Varahi denies that it knowingly benefited from participation in any trafficking venture, denies that it participated in, facilitated, harbored, or supported any sex trafficking, denies that the hotel constituted a nuisance, denies that it violated the TVPRA, 18 U.S.C. § 1591, or 18 U.S.C. § 2255, and denies that it is liable to Plaintiff on any theory.

12. Varahi admits that it owned, operated, maintained, controlled, and managed the hotel from and after December 14, 2012. Varahi denies that it owned, operated, maintained, controlled, or managed the hotel at any time before December 14, 2012.

13. The allegations of this paragraph are directed at other Defendants and require no response from Varahi; to the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation that would impose liability on Varahi.

14. Varahi admits that, generally, it received room-rental revenue from the operation of the hotel from and after December 14, 2012. Varahi is without knowledge or information sufficient to form a belief as to whether Plaintiff was ever present at the hotel and therefore denies that it received revenue for any room in which Plaintiff was allegedly trafficked. The remaining allegations, including the allegations as to the other Defendants, are denied as to Varahi or require no response from Varahi.

15. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

16. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To

the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

17. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

18. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a

franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

19. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

20. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof

Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

21. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

22. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those

documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

23. The allegations of this paragraph concern the franchisor Defendants and the terms of the Franchise Agreement and related Franchisor Contracts, which speak for themselves. To the extent a response is required, Varahi admits that it was a franchisee party to a Franchise Agreement with Red Roof Franchising, LLC, denies any characterization of those documents inconsistent with their terms, and denies any allegation that would impose liability on Varahi. The remaining allegations are directed at other Defendants and require no response from Varahi.

24. The allegations of this paragraph are directed at other Defendants and require no response from Varahi; to the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation that would impose liability on Varahi.

25. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

26. The allegations of this paragraph are directed at other Defendants and require no response from Varahi; to the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation that would impose liability on Varahi.

27. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

28. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

**I. Sex Trafficking Allegations**[2]

29. Denied as to Varahi. Varahi did not own or operate the hotel in 2011–2012, and no notification described in this paragraph was made to any Varahi employee. Varahi is without knowledge or information sufficient to form a belief as to what Cobb County police may have communicated to any employee of a predecessor operator or of the other Defendants and on that basis denies those allegations. The allegations concerning the "Red Roof Defendants" are directed at other Defendants and require no response from Varahi.

30. Denied as to the first sentence. As to the second sentence, Varahi denies that any lookout or similar conduct was directed at, or involved, Plaintiff or Plaintiff's alleged trafficker, and is without knowledge or information sufficient to form a belief as to the truth of what other, unidentified individuals may have testified to in other proceedings and on that basis denies those

[2] The internal headings and section titles of the Complaint are not averments of fact and require no response. To the extent any heading is deemed to contain an allegation, it is denied. Varahi reproduces or adopts the Complaint's headings solely for ease of reference and consistency, and does so without waiving this response or admitting the propriety, accuracy, or substance of any heading.

allegations. Varahi further denies any such conduct occurring before December 14, 2012.

31. The allegations of this paragraph concern employees of Red Roof Inns, Inc. and are directed at other Defendants; no response from Varahi is required. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation of knowledge or wrongdoing by Varahi.

32. The allegations of this paragraph concern employees of Red Roof Inns, Inc. and are directed at other Defendants; no response from Varahi is required. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies any allegation of knowledge or wrongdoing by Varahi.

33. The allegations of this paragraph concern communications with executives of Red Roof Inns, Inc. and are directed at other Defendants; no response from Varahi is required. To the extent a response is required, Varahi denies that, to the extent the communications alleged took place, any information conveyed

to Mr. Alexander was provided to Varahi and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them, and denies any allegation of knowledge or wrongdoing by Varahi.

34. The allegations of this paragraph concern communications with executives of Red Roof Inns, Inc. and are directed at other Defendants; no response from Varahi is required. To the extent a response is required, Varahi denies that, to the extent the alleged provision of information to Mr. Limbert occurred, any information conveyed to him was provided to Varahi and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them, and denies any allegation of knowledge or wrongdoing by Varahi.

35. The allegations of this paragraph concern communications with executives of Red Roof Inns, Inc. and are directed at other Defendants; no response from Varahi is required. To the extent a response is required, Varahi denies that any information allegedly provided to Mr. Limbert or Mr. Alexander was provided to it and is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis denies them, and denies any allegation of knowledge or wrongdoing by Varahi.

36. Denied as to Varahi. Varahi is without knowledge or information sufficient to form a belief as to the content or operation of the referenced websites and on that basis denies those allegations, and denies that it had knowledge of or responsibility for their contents.

37. Denied as to Varahi. The referenced online reviews speak for themselves. Varahi denies that it had actual or constructive knowledge of the reviews as alleged and denies the characterizations of those reviews. Varahi further denies any allegation concerning reviews predating December 14, 2012.

38. Varahi denies the allegations set forth in this paragraph of the Complaint.

39. Denied as stated. Varahi denies that trafficking activity was open, obvious, or observed or permitted by Varahi or its employees, and is without knowledge or information sufficient to form a belief as to the alleged testimony of other,

unidentified individuals in other proceedings and on that basis denies those allegations.

40. Varahi denies the allegations set forth in this paragraph of the Complaint.

41. Varahi denies the allegations set forth in this paragraph of the Complaint.

42. Varahi denies the allegations set forth in this paragraph of the Complaint.

43. Varahi denies the allegations set forth in this paragraph of the Complaint.

44. Denied as stated as to Varahi. Varahi is without knowledge or information sufficient to form a belief as to what an unidentified employee purportedly estimated in another matter and on that basis denies those allegations. Varahi further denies the allegations to the extent they concern any period before December 14, 2012, when Varahi did not own or operate the hotel.

45. Denied as stated. Varahi is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff, her trafficker, or other victims, and on that basis denies them.

46. Denied as stated. Varahi is without knowledge or information sufficient to form a belief as to what an unidentified employee purportedly estimated in another matter and on that basis denies those allegations. Varahi further denies the allegations to the extent they concern any period before December 14, 2012.

47. Denied. Varahi is without knowledge or information sufficient to form a belief as to whether Plaintiff was ever present at the hotel and on that basis denies these allegations.

48. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that its hotel was a "hotbed of minor sex trafficking activity." Varahi is without knowledge or information sufficient to form a belief as to what two unidentified other individuals may have witnessed or known and on that basis denies those allegations. Varahi denies that it or its employees witnessed Plaintiff at the hotel or knew that Plaintiff was being trafficked there.

49. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies knowledge of Plaintiff and denies that Plaintiff exhibited the alleged signs in the hotel's common areas or that Varahi knew or should have known of any such signs.

50. Varahi denies the allegations set forth in this paragraph of the Complaint.

51. Varahi denies the allegations set forth in this paragraph of the Complaint.

52. Denied as to Plaintiff. Varahi is without knowledge or information sufficient to form a belief as to the allegations concerning "other trafficking victims" and on that basis denies them.

53. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that any of its employees accommodated, assisted, or were familiar with Plaintiff's alleged trafficker.

54. Varahi admits only that a sign stating that no refunds would be given after fifteen (15) minutes was posted at times at the hotel; Varahi denies that any such sign was necessarily posted during

the period Plaintiff alleges she was trafficked. Varahi denies that the policy had any relationship to sex trafficking or commercial sex, denies that there was "no legitimate reason" for the policy other than that alleged, and denies that the policy affected Plaintiff or her trafficker. The remaining allegations are denied.

55. Denied as to Varahi. The Franchise Agreement and related Franchisor Contracts speak for themselves. Varahi denies that it knew or should have known of sex trafficking or other criminal activity as alleged, and denies any such knowledge as to any period before December 14, 2012.

56. Varahi denies the allegations set forth in this paragraph of the Complaint.

57. Varahi denies the allegations set forth in this paragraph of the Complaint.

58. Denied as to Varahi. Varahi is without knowledge or information sufficient to form a belief as to the frequency or content of police investigations or arrests and on that basis denies those allegations, and denies that it was alerted or should have been alerted to any trafficking as alleged.

59. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that it or its employees knew or should have known of Plaintiff's alleged sex trafficking, and specifically denies that any such trafficking occurred with the assistance of any Varahi employee.

60. Varahi denies the allegations set forth in this paragraph of the Complaint.

**II. Defendants' knowledge of sex trafficking generally**

61. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

62. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or

information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

63. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

64. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

65. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

66. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

67. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or

information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

68. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

69. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

70. This paragraph states legal conclusions and general assertions about the sex-trafficking problem, industry publications, and guidance materials, to which no response is required; the referenced materials speak for themselves. To the extent a response is required, Varahi is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and denies that it had the alleged knowledge or that it failed to act as alleged.

71. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

**Count I — 18 U.S.C. § 1595(a)**

72. Varahi incorporates its responses to the preceding paragraphs as if fully set forth herein.

73. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

74. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

75. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

76. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

77. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

78. Varahi denies the allegations contained in this paragraph of the Complaint. Varahi denies that its agents, employees, or representatives participated in Plaintiff's alleged sex trafficking, and denies that it knew or should have known of any such participation.

79. Varahi denies the allegations contained in this paragraph of the Complaint.

80. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

81. Varahi denies the allegations set forth in this paragraph of the Complaint.

82. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

83. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

**Count II — 18 U.S.C. § 2255 (Masha's Law)**

84. Varahi incorporates its responses to the preceding paragraphs as if fully set forth herein.

85. Varahi is without knowledge or information sufficient to form a belief as to whether Plaintiff was ever present at the hotel or as to her age and on that basis denies the allegations of this paragraph.

86. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

87. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that it knowingly benefited from participation in any trafficking venture and denies that it harbored Plaintiff or engaged in any trafficking activity. The remaining allegations state legal conclusions to which no response is required.

88. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that it violated 18 U.S.C. § 1591 or 18 U.S.C. § 2255 and denies that Plaintiff suffered any injury as a result of any act or omission of Varahi.

89. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

**Count III — Nuisance**

90. Varahi incorporates its responses to the preceding paragraphs as if fully set forth herein.

91. This paragraph quotes or paraphrases Georgia statutes, which speak for themselves and require no response. To the extent a response is required, Varahi denies any characterization inconsistent with the statutes and denies that they impose liability on Varahi.

92. This paragraph quotes or paraphrases Georgia statutes, which speak for themselves and require no response. To the extent a response is required, Varahi denies any characterization inconsistent with the statutes and denies that they impose liability on Varahi.

93. This paragraph quotes or paraphrases Georgia statutes, which speak for themselves and require no response. To the extent a response is required, Varahi denies any characterization inconsistent with the statutes and denies that they impose liability on Varahi.

94. This paragraph quotes or paraphrases Georgia statutes, which speak for themselves and require no response. To the extent a response is required, Varahi denies any characterization inconsistent with the statutes and denies that they impose liability on Varahi.

**Public Nuisance**

95. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

96. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

97. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

98. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

**Public Nuisance Per Se**

99. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

100. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

101. This paragraph states legal conclusions to which no response is required; to the extent a response is required, Varahi denies the allegations.

102. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

103. Varahi denies the allegations set forth in this paragraph of the Complaint as directed to Varahi; no response is required of Varahi to these allegations as made against any other Defendant.

## Damages and Prayer for Relief

104. Varahi incorporates its responses to the preceding paragraphs as if fully set forth herein.

105. Varahi denies the allegations set forth in this paragraph of the Complaint. Varahi denies that Plaintiff sustained any injury or damage as a result of any act or omission of Varahi, and denies that Plaintiff is entitled to any of the categories of damages listed in subparts (a) through (f).

106. Varahi denies the allegations set forth in this paragraph of the Complaint.

107. Varahi denies the allegations set forth in this paragraph of the Complaint.

Answering the unnumbered "WHEREFORE" Prayer for Relief, Varahi denies that Plaintiff is entitled to the relief requested in subparts (a) through (c) and (e), or to any relief whatsoever against Varahi. Varahi respectfully requests that the Court dismiss the Complaint against Varahi with prejudice, enter judgment in Varahi's favor, tax all costs against Plaintiff, and grant Varahi such further relief as the Court deems just and proper.

**Varahi demands a trial by jury on all issues so triable.**

Any allegation not expressly admitted or otherwise specifically responded to is hereby denied.

Respectfully submitted, this 10th day of September 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
Alice B. Hollaway
Georgia Bar No. 813401
*Counsel for Defendant*
*Varahi Hotel, LLC*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
(404) 614-7400
skeith@hpylaw.com
rthompson@hpylaw.com
ahollaway@hpylaw.com

**Certificate of Service**

I hereby certify that on this 10th day of September 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

**Hawkins Parnell & Young, LLP**

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317