IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| T.K., Plaintiff, | ) | Case No. 1:26-cv-04570-MHC |
| v. | ) | Judge Mark H. Cohen |
| RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, AND VARAHI HOTEL, LLC, | ) | |
| Defendants. | ) | |

**DEFENDANT RED ROOF FRANCHISING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIMS AGAINST DEFENDANT VARAHI HOTEL, LLC**

Defendant Red Roof Franchising, LLC (RRF), by and through undersigned counsel, hereby responds to Plaintiff's Complaint in like-numbered paragraphs as follows:

## INTRODUCTION

1. RRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. RRF further denies any allegation that it was involved in, participated in, or facilitated Plaintiff's alleged trafficking.

2. RRF denies that it is proper to collectively refer to Defendants because they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

3. The allegations in this paragraph are not directed to RRF, and as such require no response. To the extent a response is required, RRF admits that Red Roof Inns is authorized to do business in Georgia and that it can be served through its registered agent. The remaining allegations state legal conclusions requiring no response. To the extent a response is required, they are denied.

4. RRF admits that it is a limited liability company that is authorized to conduct business in Georgia and that it can be served through its registered agent. The remaining allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the remaining allegations in this paragraph.

5. The allegations in this paragraph are not directed to RRF, and as such require no response. To the extent a response is required, RRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6. RRF admits that it and Red Roof Inns, Inc. have been served with process in this action. RRF lacks knowledge or information sufficient to form a belief as to whether Varahi Hotel, LLC has been properly served and therefore denies the remaining allegations in this paragraph.

7. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

8. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

9. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph and its subparts.

10. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

11. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph and its subparts.

12. The allegations in this paragraph are not directed to RRF, and as such require no response. To the extent a response is required, RRF admits that Varahi owned, operated, maintained, controlled, and managed the Red Roof hotel at issue during all relevant times. RRF denies the remaining allegations in this paragraph.

13. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that it was the franchisor of the Red Roof branded hotel at issue pursuant to a franchise agreement with Varahi Hotel, LLC, effective December 14, 2012. RRF denies the remaining allegations in this paragraph.

14. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that, pursuant to the terms of its franchise agreement with Varahi Hotel, LLC, it was entitled to receive certain royalties from Varahi Hotel, LLC for use of the Red Roof brand and to the extent the allegations in this paragraph inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

15. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

16. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

17. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

18. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

19. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

20. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

21. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

22. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

23. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

24. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that Varahi Hotel LLC entered into a franchise agreement with RRF and to the extent the allegations in this paragraph are inconsistent with the franchise agreement, they are denied. RRF denies the remaining allegations in this paragraph.

25. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

26. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

27. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

28. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

## SEX TRAFFICKING ALLEGATIONS

29. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

30. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

31. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph during the relevant time period.

32. RRF denies the allegations in this paragraph.

33. RRF admits an individual communicated certain allegations to Andrew Alexander. RRF denies all remaining allegations in this paragraph.

34. RRF admits that an individual communicated allegations to Mr. Limbert. RRF denies all remaining allegations in this paragraph.

35. RRF admits that an individual communicated allegations to Mr. Limbert and Mr. Alexander. RRF denies all remaining allegations in this paragraph.

36. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

37. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF lacks knowledge or information sufficient to form a belief as to the truth of the unverified reviews cited in this paragraph and subparts and therefore denies the same.

38. RRF denies the allegations in this paragraph.

39. RRF admits the hotel at issue had exterior doors that opened to the parking lot. RRF denies the remaining allegations in this paragraph.

40. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them. To the extent the allegations are directed to RRF, they are denied.

41. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them. To the extent the allegations in this paragraph are directed to RRF, they are denied.

42. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph because RRF had no security guards at the property.

43. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph because RRF had no security guards at the property.

44. RRF denies the allegations in this paragraph.

45. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

46. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

47. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

48. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

49. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

50. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

51. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

52. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

53. RRF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

54. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

55. RRF denies that it is proper to collectively refer to RRI and RRF as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

56. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

57. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

58. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

59. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

60. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

## DEFENDANTS' KNOWLEDGE OF SEX TRAFFICKING GENERALLY

61. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

62. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, they are denied.

63. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, they are denied.

64. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations in this paragraph.

65. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, they are denied.

66. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, they are denied.

67. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF admits that ECPAT-USA launched The Code of Conduct. RRF denies the remaining allegations in this paragraph.

68. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies that the Code when launched was the same as the Code in 2026. RRF denies all remaining allegations in this paragraph and subparts.

69. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, they are denied.

70. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. These allegations are not directed to RRF and therefore no response is required. To the extent the allegations are directed to RRF, RRF admits the Department of Homeland Security has published guidelines. RRF denies the remaining allegations inconsistent therewith.

71. RRF denies the allegations in this paragraph.

**COUNT I: STATUTORY LIABILITY: SEX TRAFFICKING 18 U.S.C. § 1595**

72. RRF incorporates by reference its foregoing responses as if fully restated herein.

73. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

74. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

75. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

76. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

77. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

78. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

79. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

80. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

81. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

82. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

83. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

**COUNT II: STATUTORY LIABILITY: MASHA'S LAW, 18 U.S.C. § 2255**

84. RRF incorporates by reference its foregoing responses as if fully restated herein.

85. RRF lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies them.

86. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

87. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

88. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

89. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

**COUNT III: NUISANCE**

90. RRF incorporates by reference its foregoing responses as if fully restated herein.

91. The allegations in this paragraph purport to quote a statute, which speaks for itself, and state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

92. The allegations in this paragraph purport to quote a statute, which speaks for itself, and state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

93. The allegations in this paragraph purport to quote a statute, which speaks for itself, and state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

94. The allegations in this paragraph purport to quote a statute, which speaks for itself, and state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

95. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

96. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

97. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

98. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

99. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

100. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, RRF denies the allegations contained in this paragraph.

101. The allegations in this paragraph state a legal conclusion to which no response is required. The cited case speaks for itself. To the extent a response is required, RRF denies the allegations contained in this paragraph.

102. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

103. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

## DAMAGES

104. RRF incorporates by reference its foregoing responses as if fully restated herein.

105. RRF admits that Plaintiff purports to seek damages through this lawsuit. RRF denies the remaining allegations in this paragraph, including its subparts.

106. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

107. RRF denies that it is proper to collectively refer to Defendants as they are separate and distinct legal entities. As such, RRF answers solely on its own behalf. RRF denies the allegations in this paragraph.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief (including subparts (a) through (e)), RRF denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue for which it does not bear the burden of proof at trial, and without waiving any objections to the relevancy, materiality, or admissibility of any evidence, RRF asserts the following affirmative and other defenses:

1. RRF denies all allegations not specifically admitted.

2. Plaintiff's Complaint fails to state a claim against RRF upon which relief can be granted.

3. Plaintiff's claims are or may be barred by the applicable statute of limitations and/or laches.

4. Plaintiff's claims are barred due to failure to join all necessary and indispensable parties pursuant to Rule 19.

5. Plaintiff's Complaint may be barred by the doctrine of res judicata and/or collateral estoppel.

6. Plaintiff's claims of damages or liability are barred in whole or in part by her own failure to mitigate such damages.

7. Plaintiff's claims are barred by the doctrine of estoppel, waiver, release, fraud, unclean hands and/or laches.

8. The losses, if any, sustained by Plaintiff were the result of the conduct of persons or entities over whom RRF has no control or responsibility, and for whose conduct RRF is thus not liable.

9. Plaintiff's claims are barred because RRF did not know, and had no reason to know, of Plaintiff's alleged trafficking.

10. Plaintiff's claims are barred as the actions, events, and damages alleged in Plaintiff's Complaint were not foreseeable to RRF.

11. Plaintiff's claims are barred or reduced as her damages were pre-existing or incurred subsequent to the dates of the events alleged in Plaintiff's Complaint.

12. Plaintiff's claims are barred or reduced by the criminal conduct of Plaintiff's alleged trafficker(s) and others over whom RRF has no control, authority, or responsibility.

13. RRF is entitled to a set-off or credit for benefits paid to or on behalf of Plaintiff pursuant to any applicable common law, state or federal law, regulation, or funding.

14. Plaintiff's claims against RRF are barred because there is no causal connection between any alleged act, error, or omission by RRF and Plaintiff's alleged damages.

15. Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of RRF.

16. RRF is entitled to apportionment of liability to other parties and non-parties to this action.

17. Plaintiff's claims are barred in whole or in part because of her own comparative negligence and/or assumption of risk.

18. Plaintiff's allegations are expressly or impliedly preempted by federal law.

19. The legal rules underlying Plaintiff's nuisance claims are unconstitutionally vague. *See, e.g.*, *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012).

20. Plaintiff's claims of nuisance are barred or limited because the law bars nuisance claims premised on the sale or offer for sale of lawful goods or services; illegal conduct perpetrated by third parties involving the use of an otherwise legal good or service does not create a special injury or claim against the party offering that lawful good or service.

21. To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

22. RRF respectfully reserves the right to amend its Answer to assert other affirmative defenses, claims, and defenses as may become available or apparent during the course of discovery.

## REQUESTS FOR RELIEF

**WHEREFORE**, Red Roof Franchising, LLC respectfully requests judgment in its favor as follows:

a. For a trial by jury;

b. Dismissal of Plaintiff's Complaint;

c. Awarding attorneys' fees and costs as allowable by law; and

d. For such other and further relief as this Court may deem just and appropriate.

## RED ROOF FRANCHISING, LLC'S CROSSCLAIMS AGAINST DEFENDANT VARAHI HOTEL, LLC

Defendant Red Roof Franchising, LLC ("RRF") by and through undersigned counsel, hereby files its Crossclaim against Defendant Varahi Hotel, LLC ("Varahi" or "Franchisee") in the above-captioned action and would respectfully show this Court the following:

## PARTIES

1. Red Roof Franchising, LLC provides franchise opportunities for third parties to use the Red Roof brand.

2. Varahi Hotel, LLC is a limited liability company organized under the laws of the State of Georgia.

3. Varahi entered into a franchise agreement with Red Roof Franchising, LLC and was acting as the franchisee of the Red Roof-branded hotel located at 2200 Corporate Plaza, Smyrna, Georgia 30080 where Plaintiff T.K. alleges she was sex trafficked, and which Plaintiff T.K. alleges Varahi operated at the hotel. (Compl., ECF No. 1, ¶¶ 1, 12.)

4. Varahi is properly named under Fed. R. Civ. P. 13(g) because it "may be liable to" RRF "for all or part of the claim" that Plaintiff T.K. is pursuing against RRF in this action. Fed. R. Civ. P. 13(g).

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction over RRF's crossclaim under 28 U.S.C. § 1367(a). RRF's crossclaim is so related to Plaintiff T.K.'s claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

6. 28 U.S.C. § 1367(b) does not divest this Court of supplemental jurisdiction because Plaintiff T.K.'s claims arise under federal law, and this Court has federal question jurisdiction over the underlying action pursuant to 28 U.S.C. § 1331.

7. This Court should exercise supplemental jurisdiction over RRF's crossclaim because: (i) the claims do not raise novel or complex issues of state law; (ii) the claims do not substantially predominate over Plaintiff T.K.'s federal claims; and (iii) no exceptional circumstances exist that would warrant declining to exercise jurisdiction. 28 U.S.C. § 1367(c).

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff T.K.'s claims, and to this Crossclaim, allegedly occurred at the Red Roof-branded hotel located at 2200 Corporate Plaza, Smyrna, Georgia 30080, which is located within this District and Division.

9. This Court has personal jurisdiction over Varahi because Varahi is a Georgia limited liability company that owned and operated the Red Roof-branded hotel in Smyrna, Georgia during the relevant time period.

**PLAINTIFF'S COMPLAINT**

10. The allegations in Plaintiff T.K.'s Complaint and RRF's Answer thereto, filed contemporaneously with this Crossclaim, are incorporated by reference, as if fully set forth herein, for the purpose of setting out the background of the underlying action that gives rise to the Crossclaim.

11. In the Complaint, Plaintiff T.K. alleges that she was a victim of sex trafficking at the Smyrna, Georgia Red Roof-branded hotel located at 2200 Corporate Plaza, Smyrna, Georgia 30080 ("RRI Smyrna"). (Compl., ECF No. 1, ¶ 1.)

12. Plaintiff claims that she was trafficked at RRI Smyrna on multiple visits from 2014 through 2017, with some stays lasting months at a time and others lasting several days. (Compl., ECF No. 1, ¶¶ 1, 47)

13. Plaintiff further alleges that hotel staff witnessed and facilitated her trafficking by ignoring signs of trafficking at RRI Smyrna. (Compl., ECF No. 1, ¶¶ 30, 49–53.)

14. Based on Plaintiff's allegations in the Complaint, she seeks to hold RRF liable for trafficking that she allegedly experienced at RRI Smyrna, due to alleged violations of the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"). 18 U.S.C. § 1595, Masha's Law, 18 U.S.C. § 2255, and Georgia nuisance law. (See generally Compl., ECF No. 1.)

15. Plaintiff seeks damages and claims that she suffered substantial physical and psychological injuries as a result of her alleged trafficking. (Compl., ECF No. 1, ¶¶ 57, 105.).

16. RRF denies all liability.

**<u>RRF'S RELATIONSHIP WITH VARAHI HOTEL, LLC</u>**

17. In 2012, Varahi, represented by its Manager, entered into a Franchise Agreement with Red Roof Franchising, LLC, wherein Varahi agreed to own, operate, and maintain RRI Smyrna as an independent franchisee. (*See* Franchise Agreement, attached as Exhibit 1.).

18. Beginning on or about December 14, 2012, Varahi operated RRI Smyrna as a Red Roof-branded hotel pursuant to the Franchise Agreement.

19. Under the Franchise Agreement, Varahi agreed, as an independent contractor, that it had "sole responsibility to maintain the safety and security of its employees, guests and others who may be on the Inn premises." (Ex. 1 at p. 9 (§ 5.12.1).)

20. Varahi expressly agreed to defend and indemnify RRF for damages arising out of the Franchisee's conduct in Section 15.2 of the Franchise Agreement, which states: "Franchisee shall indemnify, protect, defend[,] release and hold harmless Franchisor, its Affiliates . . . from and against any and all payments of money (including, without limitation, all liabilities . . . .)" (Ex. 1 at p. 31 (§ 15.2.2).)

21. The Franchise Agreement unequivocally states that the Franchisee will exercise "full and complete" control over RRI Smyrna's daily operations and is responsible for the training, supervision, and acts and omissions of its employees. (Ex. 1 at p. 9 (§ 5.10.1); p. 31 (§ 15.1)). In doing so, the Franchisee agreed and acknowledged that it would comply with all federal and state laws. (Ex. 1 at p. 9 (§ 5.11).)

## **<u>COUNT I – CONTRACTUAL INDEMNIFICATION AND DEFENSE</u>**

22. RRF incorporates the allegations in Paragraphs 1 through 21, as if fully set forth herein.

23. Pursuant to Section 15 of the Franchise Agreement, Varahi agreed to defend and indemnify RRF:

> Franchisee shall indemnify, protect, defend[,] release and hold harmless Franchisor [and its Affiliates] from and against any and all payments of money (including, without limitation, all liabilities, . . . suits, demands, fines, settlement amounts,

> costs, expenses, attorneys' fees, . . . and court costs) for injury to property or persons. . . which may arise out of or in connection with any act or omission, whether actual or alleged, negligent or otherwise, of Franchisee, its employees or agents, in connection with Franchisee's ownership . . . establishment or operation of the Inn, the performance of Franchisee, its employees or agents, under this Franchise Agreement . . . or the default by Franchisee or its owners of any representation, warranty, or obligation under this Franchise Agreement. . . The obligations of Franchisee under Section 15.2.2 shall survive the termination or expiration of this Franchise Agreement. (Ex. 1 at p. 31 (§ 15.2.2).)

24. Varahi further agreed that "Franchisor shall have the right, through counsel of its own choosing and at Franchisee's sole cost and expense, to direct, manage and control its defense . . . ." (Ex. 1 at p. 32 (§ 15.2.3).)

25. Varahi's binding promises under the contractual defense and indemnification provisions of the Franchise Agreement obligate it to defend and indemnify RRF against Plaintiff T.K.'s allegations.

26. Although RRF strenuously denies Plaintiff T.K.'s allegations, and denies liability for any alleged injuries or damages, Plaintiff's allegations trigger Varahi's defense and indemnity obligations under the Franchise Agreement. (*See* Ex. 1 at p. 31 (§ 15.2.2).)

27. Should Plaintiff T.K. prevail on her claims against RRF, liability that is specifically denied, Varahi is liable to RRF by way of indemnification for all damages awarded to Plaintiff, together with costs, attorney's fees, and such other relief as the court deems just.

**COUNT II – COMMON LAW INDEMNIFICATION**

28. RRF incorporates the allegations in Paragraphs 1 through 27, as if fully set forth herein.

29. RRF entered into a Franchise Agreement with Varahi, which, among other things, required Varahi to oversee security and safety of all guests on the RRI Smyrna premises (Ex. 1 at p. 9 (§ 5.12.1)), and hold RRF harmless for injuries resulting from or arising "out of or in connection with any act or omission" of the Franchisee, its employees, or its agents. (Ex. 1 at p. 31 (§ 15.2.2).)

30. Plaintiff's Complaint alleges that onsite staff observed her trafficker and other signs of trafficking, knew or should have known that Plaintiff was being trafficked, accommodated and were familiar with her trafficker, and acted as lookouts for traffickers. (Compl., ECF No. 1, ¶¶ 30, 49–53, 59.).

31. In addition to liability for its own direct negligence and misconduct, Varahi is vicariously liable for the acts or omissions of its employees at RRI Smyrna.

32. Should Plaintiff prevail on her claims against RRF, liability that is specifically denied, any resulting damages are the direct and proximate result of the acts or omissions of Varahi, its agents, or employees, and RRF is entitled to be indemnified by Varahi for any judgment that may be rendered in favor of Plaintiff T.K. against RRF.

## COUNT III – CONTRIBUTION

33. RRF incorporates the allegations in Paragraphs 1 through 32, as if fully set forth herein.

34. RRF entered into a Franchise Agreement with Varahi, which, among other things, required Varahi to oversee security and safety of all guests on the RRI Smyrna premises (Ex. 1 at p. 9 (§ 5.12.1)), and hold RRF harmless for injuries resulting from or arising "out of or in connection with any act or omission" of the Franchisee, its employees, or its agents. (Ex. 1 at p. 31 (§ 15.2.2).)

35. Plaintiff's Complaint alleges that onsite staff observed her trafficker and other signs of trafficking, knew or should have known that Plaintiff was being trafficked, accommodated and were familiar with her trafficker, and acted as lookouts for traffickers. (Compl., ECF No. 1, ¶¶ 30, 49–53, 59.)

36. In addition to liability for its own direct negligence and misconduct, Varahi is vicariously liable for the acts or omissions of its employees at RRI Smyrna.

37. Should Plaintiff T.K. prevail on her claims against RRF, liability that is specifically denied, RRF is entitled to a judgment in the same amount against Varahi by way of contribution, in addition to RRF's reasonable fees and costs.

## COUNT IV – BREACH OF CONTRACT

38. RRF incorporates the allegations in Paragraphs 1 through 37 as if fully set forth herein.

39. The 2012 Franchise Agreement entered into by Red Roof Franchising, LLC and Varahi constitutes a valid contract and remains in effect today as the contractual arrangement between the parties. (*See generally* Ex. 1.)

40. On June 17, 2025, RRF issued a tender letter to Varahi Hotel, LLC pursuant to the Franchise Agreement. (*See* Ex. 1 at p. 31 (§ 15.2.2).)

41. To date, Varahi has not accepted RRF's tender.

42. Varahi breached the Franchise Agreement because it has failed to defend, indemnify, and hold harmless RRF for the allegations directed against it in Plaintiff T.K.'s Complaint, which relates to the acts and omissions of Varahi, its employees, or its agents.

43. As a result of Varahi's breach of the Franchise Agreement, RRF has suffered, and will continue to suffer, monetary damages, including (but not limited to) the costs of defending itself in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Crossclaim Plaintiff Red Roof Franchising, LLC hereby demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), and judgment against Defendant/Crossclaim Defendant Varahi Hotel, LLC to the extent of any judgment rendered in favor of Plaintiff T.K. against Red Roof Franchising, LLC, together with attorney's fees, costs, expenses, and defense of Plaintiff's action herein, and such other relief as may be deemed just and appropriate.

Dated: October 13, 2026

Respectfully submitted,

By: /s/ Matthew Boyd___________________

Matthew A. Boyd
Georgia Bar No. 027645 ____
Tucker Ellis LLP
3344 Peachtree Road NE,
Suite 1050
Atlanta, GA 30326
Telephone: 404.678.6368
Facsimile: 404.678.6380
Email: matthew.boyd@tuckerellis.com

Joseph A. Manno (pro hac vice)
Tucker Ellis LLP
950 Main Avenue, Suite 1100,
Cleveland, OH 44113
Telephone: 216.696.4465
Facsimile: 216.592.5009
Email: joseph.manno@tuckerellis.com

*Attorneys for Defendant Red Roof Inns, Inc. and Red Roof Franchising, LLC*

## JURY DEMAND

Defendant Red Roof Franchising, LLC, hereby makes a formal demand for a trial by jury of the facts and issues involved in this matter.

Dated: October 13, 2026

/s/ Matthew Boyd

Matthew A. Boyd
Georgia Bar No. 027645 ____
Tucker Ellis LLP
3344 Peachtree Road NE,
Suite 1050
Atlanta, GA 30326
Telephone: 404.678.6368
Facsimile: 404.678.6380
Email: matthew.boyd@tuckerellis.com

Joseph A. Manno (pro hac vice)
Tucker Ellis LLP
950 Main Avenue, Suite 1100,
Cleveland, OH 44113
Telephone: 216.696.4465
Facsimile: 216.592.5009
Email: joseph.manno@tuckerellis.com

*Attorneys for Defendant Red Roof Inns, Inc. and Red Roof Franchising, LLC*

## LOCAL RULE 7.1(D) CERTIFICATION

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

/s/ Matthew Boyd
Matthew Boyd (027645)

*One of the Attorneys for Defendant Red Roof Franchising, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint and Crossclaim against Varahi Hotel, LLC was served to all parties of record by filing with the Court's electronic filing system on this 13th day of October, 2026.

/s/ Matthew Boyd
Matthew Boyd (027645)

*One of the Attorneys for Defendant Red Roof Franchising, LLC*